## WASHBURN v GUILD et

Ohio Appeals, 2nd Dist, Clark Co

No 291: Decided May 29, 1937

Zimmerman & Zimmerman, Springfield, for plaintiff.

W. H. Griffith, Springfield, for defendants.

### OPINION

By GEIGER, J.

This cause is before this court on appeal from an order of the Court of Common Pleas, of Clark County, Ohio, made on November 26, 1930. The court, at the request of the parties, has held the case in suspense during the intervening years.

The plaintiff. widow of Rufus A. Washburn, was appointed executrix on December 14, 1927, and asserts ·in her petition that she is in doubt as to the construction of her decedent's will, especially as to her power and duties under the second, third, and fourth items of the will, stating in detail the matters concerning which she is in doubt, and asking the direction of the court, in regard to the true construction of the items stated.

By item second, the testator devised the property to his executrix, in trust, providing in said item that said property shall not be sold during the life time of his wife, Bessie Washburn, "but the first charge upon the income shall be a liberal provision for my said wife, during the balance of her natural life."

He then provided that a sum should be paid for the support of his blind granddaughter, this provision to continue as long as the wife shall live. "But the same shall only be paid out of the excess remaining after a comfortable maintenance for my said wife is provided."

By item third, the rest of his estate is devised to his daughter Josephine Guild, and his son, Charles, if he be living, share and share alike.

Item fourth provides: "I nominate and appoint my said wife, Bessie Washburn, as executor and trustee of this my last will and testament, with full power to execute the provisions hereof as long as she shall· live."

It is urged by plaintiff that the provisions of the will "that the first charge on the income shall be a liberal provision for my wife," and that the bequest to the granddaughter shall only be paid "after a comfortable maintenance for my said wife is provided," and the devise of "the rest and residue of my estate to my daughter," expresses the intent of the testator that his wife, as executrix, shall have power to sell such portion of the real estate as may be necessary to make the proper .repairs upon the remainder, and if the income is not sufficient to give to his wife a "comfortable maintenance," that the real estate may be consumed in the payment of taxes, as well as for repairs, and maintenance of the widow.

Unfortunately, since the will was made, and since the death of the testator, the property has fallen into disrepair to such an extent that the income has been greatly reduced.

It is asserted that the necessary repairs and taxes will more than consume the income, and that there will be nothing left to supply "a liberal provision for my said wife."

This is no doubt true. The estate has fallen into such a state that the rents will be small, even though higher rents may now be secured than during recent years.

We are in sincere sympathy with the widow, and have sought for some means to give her relief.

Unquestionably, modest repairs upon the buildings would produce better rentals. and might bring the estate to a point where the window could have "comfortable maintenance."

We must, however, be governed by the law as we find it.

In **Union Savings Bank & Trust Co. v Alter, 103 Oh St 188**, it is held:

"2. The controlling object in the construction of a will is the ascertainment and declaration of the intention of the testator; and the changed value of money and property, the changed circumstances and needs of the beneficiary, do not justify a court in modifying the provisions of a will to meet the changed circumstances and conditions. The theory that the testator, had he foreseen the changed circumstances and conditions, would have provided a different and larger income is an assumption merely and is no excuse for the usurpation by the court of the right to dispose of testator's property in a way different from that by him directed."

See **Sommers v Doersam, 115 Oh St 139**. There is an abundance of authority sustaining this proposition.

Had not the testator provided "the said property and estate shall not be sold during the life time of my wife," it might be possible to construe the will to the effect that, in as much as the testator's first concern was for "a liberal provision" for his wife, and that he devised to his children only "the rest and residue of my estate," the executrix, under such provisions, would be authorized to provide this "liberal provision," even at the expense of selling the estate, and probably ultimately consuming it to a large extent, and that she might sell and use the proceeds of some of the real estate to pay taxes on, and repairs of the balance.

However, no authority has been cited, nor have we been able to find any that would permit a construction of this will so as to empower the executrix to sell a portion of the real estate for the purpose of paying the taxes, or making necessary repairs, or for support.

What has happened to this estate is evidenced by the fact that the executrix has been unable to pay the taxes, and that there is a total tax delinquency as of July, 1936 of $2,442.75. Since that date additional taxes have accrued. There appears little hope that the executrix can pay this out of the income.

The taxes must be paid. The widow took the estate subject to this burden. §5688, GC).

We have carefully considered the order made in the court below, and find that it gives as liberal a construction to the will as is possible.

As much as we may regret it, we cannot give a construction more favorable to the widow.

Judgment accordingly.

BARNES, PJ, and HORNBECK, J, concur.